## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CONSTANCE S.,

      Plaintiff,

      v.

                             Case No. 20-CV-4044-JAR

ANDREW SAUL, COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

### ORDER TO SHOW CAUSE

Plaintiff filed her Complaint on August 14, 2020, naming the Office of the Regional Chief Counsel, Social Security Administration, as Defendant.[1]  Plaintiff also filed a Motion for Leave to Proceed in Forma Pauperis (Doc. 3) and a Motion to Appoint Counsel (Doc. 4). Plaintiff's affidavit, attached to her Motion for Leave to Proceed in Forma Pauperis, demonstrates that she is unable to pay the filing fee.  Thus, the Court grants Plaintiff leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1).

Plaintiff's Complaint, however, is subject to screening under § 1915(e)(2)(B), and service of process can be withheld pending that review.[2]  A court shall dismiss a plaintiff's case if the court determines that the action or appeal "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

---

[1] In her two form complaints, discussed below, Plaintiff first identifies the defendant as the "Office of the Regional Chief Counsel, Region VII Social Security Administration," and then as the "Social Security Administration."  The Court construes Plaintiff's Complaint to be against the Commissioner of Social Security Administration.

[2] *Standifer v. City of Elwood*, No. 20-cv-2005-HLT-TJJ, 2020 WL 708027, at *1 (D. Kan. Feb. 12, 2020) (citing *Fuller v. Myers*, 123 F. App'x 365, 368 (10th Cir. 2005)).

from such relief."[3]  In addition, the Court is required to dismiss an action if it lacks subject matter jurisdiction.[4]

Because Plaintiff proceeds pro se, the Court construes her pleadings liberally.[5]  The Court does not, however, assume the role of Plaintiff's advocate.[6]  Also, Plaintiff's pro se status does not excuse her from "the burden of alleging sufficient facts on which a recognized legal claim could be based."[7]  Plaintiff is not relieved from complying with the rules of the court or facing the consequences of noncompliance.[8]

Here, Plaintiff filed two form complaints, which the Court construes as one singular Complaint.  In the first form complaint, titled "Civil Complaint," Plaintiff sets forth only the names of the parties.  She does not set forth a basis for jurisdiction, a statement of the claim, her request for relief, or any administrative procedures she followed.  The first form complaint is extremely cursory and provides little to no information.

In the second form complaint, titled "Employment Discrimination Complaint," Plaintiff again sets forth the parties' names.  While Plaintiff states that she did not file charges with the Kansas Human Rights Commission ("KHRC") or the Equal Employment Opportunity Commission ("EEOC") and that she did not receive a Right to Sue Letter, she also states that she complained about allegedly discriminatory conduct in a charge of discrimination and that 60 days have passed since she filed an age discrimination charge with the EEOC.  Plaintiff fails to check a box to indicate the Nature of the Case, but she does check boxes indicating that she was

---

[3] 28 U.S.C. § 1915(e)(2)(B).

[4] Fed. R. Civ. P. 12(h)(3).

[5] *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018).

[6] *Id.*

[7] *Id.* (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[8] *Id.* (citing *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994)).

discriminated on the basis of her race or color (Hispanic), her gender (female), her disability (physical and mental disability), and her age (1970).  Plaintiff then states that she did not set forth these bases for her claim in her charge of discrimination.  In alleging her claim, Plaintiff merely states: "I have been diagnosed with other physical issues plus no one knows or can understand all the mental and emotional abuse I have been through my whole life."[9]  She states that discriminatory acts by Defendant are still being committed, no longer being committed, and may still be being committed.  Plaintiff states that she seeks injunctive relief, costs and fees involved in litigating the case, additional relief, and "back paid."[10]

On Plaintiff's Civil Cover Sheet, she indicates that the basis for jurisdiction is that the U.S. Government is the Defendant.  She checks boxes indicating that the nature of the suit is: Medicare Act, Americans with Disability, Employee Retirement Income Security Act ("ERISA"), and SSID Title XVI and RSI (405(g)) under Social Security.

Based on Plaintiff's cursory Complaint, the Court has no information as to whether Plaintiff is seeking judicial review of a denial of social security benefits.  There is no indication that she sought benefits or that a final decision has been reached by the Commissioner of Social Security.  Plaintiff does not allege and has not shown that she exhausted her administrative remedies.  The statutory basis for judicial review of a decision by the Social Security Administration is pursuant to 42 U.S.C. § 405(g).[11]  Plaintiff does not allege or describe how her Complaint meets this jurisdictional standard.

---

[9] Doc. 1-1 at 4.

[10] *Id*. at 5.

[11] 42 U.S.C. § 405(g) requires a "final decision of the Commissioner of Social Security made after a hearing to which [Plaintiff] was a party."

To the extent that Plaintiff is alleging employment discrimination, there are insufficient facts to determine any basis for a claim or any basis for this Court's jurisdiction.  Plaintiff does not allege that the Social Security Administration is her employer or that it took any illegal actions against her employment.  She also states that she did not file any charges with the KHRC or EEOC prior to filing her Complaint in this Court.  Thus, it does not appear as though she exhausted her administrative remedies to the extent that she has any employment discrimination claim.  As noted above, Plaintiff's Complaint is extremely contradictory and cursory.  Accordingly, Plaintiff shall respond to this Court's Order explaining why her claim should not be dismissed.

Plaintiff also filed a Motion to Appoint Counsel.  There is no constitutional right to counsel in civil cases.[12]  It is within the Court's discretion whether to appoint counsel for parties proceeding in forma pauperis.[13]  Four factors are relevant when determining whether to appoint counsel including: (1) the plaintiff's ability to afford counsel, (2) the diligence the plaintiff exerted searching for counsel, (3) the merits of the plaintiff's case, and (4) the plaintiff's ability and capacity to present the case without the aid of counsel.[14]  Although it appears as though Plaintiff is unable to afford counsel at this time, she does not indicate that she made any effort to locate counsel prior to filing her Complaint.  In addition, as noted above, the merits of Plaintiff's case are questionable, and she is required to demonstrate to this Court why her case should not

---

[12] *Beaudry v. Corr. Corp. of America*, 331 F.3d 1164, 1169 (10th Cir. 2003) (noting there is no constitutional right to appointment of counsel in civil cases).

[13] *See* 28 U.S.C. § 1915(e)(1); *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[14] *Davis v. Schmidt*, Case 18-cv-3107-EFM-KGG, 2020 WL 1320721, at *1 (D. Kan. Mar. 20, 2020) (citing *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992)).

be dismissed.  Under these circumstances, the Court denies Plaintiff's motion to appoint counsel without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 3) is **granted**.  However, Plaintiff must show cause in writing, on or before September 17, 2020, why this action should not be dismissed for lack of subject matter jurisdiction and failure to state a claim for which relief may be granted.

The Court withholds service of process pending § 1915 review following receipt of Plaintiff's response to the Order to Show Cause.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 4) is **denied without prejudice**.

**IT IS SO ORDERED.**

Dated: August 19, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE