IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CONSTANCE S.,

    **Plaintiff,**

    v.

ANDREW SAUL, COMMISSIONER OF
SOCIAL SECURITY,

    **Defendant.**

Case No. 20-CV-4044-JAR

## ORDER

Plaintiff filed a Complaint on August 14, 2020, naming the Office of the Regional Chief Counsel, Social Security Administration, as Defendant.[1] She also filed several motions. The Court denied Plaintiff's Motion to Appoint Counsel.[2] The Court granted Plaintiff's motion for leave to proceed in forma pauperis but found that Plaintiff's Complaint was subject to screening under 28 U.S.C. § 1915(e)(2)(B).[3] Due to the Court's screening of the Complaint, the Court withheld service of process and directed Plaintiff to show cause in writing, on or before September 17, 2020, why the action should not be dismissed for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted.[4]

Specifically, the Court found that in Plaintiff's first form Complaint, she did not set forth a basis for jurisdiction, a statement of the claim, a request for relief, or any administrative procedures she followed. As to Plaintiff's second form Complaint, the Court

---

[1] Plaintiff filed two form Complaints that the Court construed as one. Doc. 5 at 2.

[2] *Id.* at 4–5.

[3] *Id.* at 1.

[4] *Id.* at 5.

noted that Plaintiff alleged some additional facts, but that those facts were contradictory and cursory.  The second form Complaint lacked information as to whether Plaintiff was seeking judicial review of a denial of social security benefits or whether a final decision had been reached by the Commissioner of Social Security.[5]  In addition, to the extent that Plaintiff was alleging employment discrimination, the Complaint lacked sufficient facts to determine any basis for a claim or any basis for this Court's jurisdiction.[6]  Accordingly, the Court ordered Plaintiff to show cause in writing as to why her claim should not be dismissed for lack of subject matter jurisdiction and failure to state a claim.

Plaintiff timely responded on September 17 with a one-page letter.  In this letter, she stated that she "[did] understand everything[]."[7]  She stated that she felt that nobody understood what she had been through in her life and how it affected her physically and mentally.  She also asserted that what she "was getting was what [she] had put into her retirement account when [she] was younger . . . before they were taken away from [her] 19 years ago."[8]  Although the Court is sympathetic to Plaintiff's circumstances, Plaintiff's response was not responsive to the Court's Order because it failed to explain why her Complaint should not be dismissed.  Plaintiff has not identified to the Court a basis for its subject matter jurisdiction or any facts stating a claim for relief.  Thus, the Court finds that pursuant to § 1915(e)(2)(B), Plaintiff's Complaint should be dismissed.

---

[5] *Id*. at 3.  The statutory basis for judicial review of a decision by the Social Security Administration is pursuant to 42 U.S.C. § 405(g) which requires a "final decision of the Commissioner of Social Security [] after a hearing to which [Plaintiff] was a party."

[6] *Id.* at 4.

[7] Doc. 6.

[8] *Id.*

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Complaint is **dismissed without prejudice**.

**IT IS SO ORDERED.**

Dated: October 14, 2020

                                          S/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          CHIEF UNITED STATES DISTRICT JUDGE